IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MOMENT, # 371430, #1109451  *

Petitioner                          *

v.                                  *    Civil Action No. WDQ-15-214

WARDEN MICHAEL STOUFFER, and        *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                   *

Respondents                         *

MEMORANDUM

The Respondents move for dismissal of Michael Moment's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 for failure to exhaust available state court remedies. ECF 5. The Petitioner Michael Moment has filed two oppositions in reply. ECF 7, 8. Moment has also filed a Motion to Proceed in Forma Pauperis, which the Court will grant by separate Order.

The case is ready for disposition and no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner is not entitled to a hearing under 28 U.S.C. § 2254 (e) (2)). For reasons to follow, the Court will dismiss the Petition without prejudice for failure to exhaust state court remedies and deny a Certificate of Appealability.

BACKGROUND

On January 25, 2015, Moment filed this Petition, which attacks his conviction in 2011, after a jury sitting in the Circuit Court for Montgomery County found him guilty of intimidating or corrupting an officer of the court and threatening a state official. Moment was sentenced to

serve twenty years of incarceration, with all but five suspended, to be followed by five years of probation. ECF 5, Exhibits 1 and 2.

This is Moment's fifth 2254 Petition attacking his conviction, the previous four having been dismissed without prejudice for lack of exhaustion. *See Moment v. Morgan, et al.*, Civil Action No. WDQ-14-3039 (D. Md. 2014); *Moment v. Morgan*, Civil Action No. WDQ-13-3338 (D. Md. 2014); *Moment v. State of Maryland*, Civil Action No. WDQ-12-3665 (D. Md. 2013); *Moment v. Webb*, WDQ-12-1485 (D. Md. 2012).

On direct appeal to the Court of Special Appeals of Maryland, Moment raised three questions: (1) Did the trial court err in failing to conduct a competency evaluation as required by statute; (2) Did the trial court commit plain error by allowing the State to repeatedly elicit and introduce prejudicial and inadmissible evidence throughout the trial; and (3) Was the evidence legally insufficient to support his convictions. ECF 5-2.

On March 27, 2014, the Court of Special Appeals of Maryland granted Moment's Petition for Writ of Certiorari, and remanded the case to the Court of Special Appeals for further consideration. ECF 5, p. 3. On May 12, 2014, the Court of Special Appeals issued a second opinion affirming Moment's judgment of conviction. Moment's counsel filed a Petition for Writ of Certiorari, asking the Court of Appeals to review the intermediate court's resolution of the competency issue.[1] In a separately filed pro se petition, Moment asked the Court of Appeals to review issues not previously raised in his direct appeal. *See supra* n. 1. Both request were denied by the Court of Special Appeals. *Id.*

On March 5, 2012, Moment filed for post-conviction relief in the Circuit Court for

---

[1] Respondents refer to "Exhibit 6." As only two exhibits have been filed by Respondents in this case, the reference appears to be an error. The Court notes that in *Moment v. Morgan*, Civil Action WDQ-14-3039, Respondents' Exhibit 6 contained copies of Moment's *pro se* and counseled Petitions for Writ of Certiorari and the Order issued by the Court of Appeals dated August 28, 2014, denying the Petitions.

Montgomery County. *Id.* Exhibit 1 (Docket No. 169). The state post-conviction petition raised claims that the indictment was defective, the trial judge did not have jurisdiction over Moment's criminal case, and the trial court did not follow the rules established by the State and the Constitution. ECF 1 at 3.

In August of 2012, the Circuit Court for Montgomery County transferred venue to the Circuit Court for Prince George's County for hearing purposes. ECF 4, Exhibit 1 (Docket Nos. 173 & 183). The docket entry for January 27, 2015, shows that a hearing was scheduled for March 5, 2015. *See* http://casesearch.courts.state.md.us/inquiry/inquiry jis?caseId=117643C&loc=68&detailLoc=MCCR. No decision has been issued, and the case remains pending in state court.[2]

## DISCUSSION

In his federal petition for habeas corpus relief, Moment claims that he is detained unlawfully and in support avers that: (A) "The indictment filed on February 4, 2011, by the State was a false bill"; (B) "The trial judge did not have jurisdiction to p[re]side over Petitioner criminal trial"; and (C) "The trial court fail[ed] to appoint/assigned counsel and follow the mandatory rules and laws of the State of Maryland & United States Constitution." ECF 1 at 5-8.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

---

[2] Court personnel verified this information by telephone on March 20, 2015.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a Petition for Writ of Certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a Petition for Writ of Certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an Application for Leave to Appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, Petitioner must file a Petition for Writ of Certiorari to the Court of Appeals. *Williams, supra.*

Moment is presenting claims in his federal petition which were not presented on direct appeal, and are currently being litigated in state post-conviction proceedings. Contrary to Moment's assertions, the claims presented in the Petition have not been exhausted. Accordingly, this case will be dismissed without prejudice for lack of exhaustion.

CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Reasonable jurists would not find the claims presented herein debatable; thus the Court declines to issue a Certificate of Appealability.

CONCLUSION

For these reasons, the Court will dismiss the Petition without prejudice and declines to issue a Certificate of Appealability. A separate Order follows.

3/24/15
Date

William D. Quarles, Jr.
United States District Judge